## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MOTORISTS MUTUAL INSURANCE COMPANY )<br>)<br>*Plaintiff*, )<br>)<br>v. )<br>)<br>HOWARD'S TOWING AND RECOVERY, LLC and )<br>HOWARD SZUMINSKY, )<br>)<br>*Defendants*. ) | Case No. 2:20-cv-1406 |

### BRIEF IN SUPPORT OF MOSITES MOTION TO INTERVENE

Proposed Intervenor-Defendant The Mosites Company, Inc. ("Mosites") submits this Brief in support of its motion to intervene as an interested party in this pending declaratory judgment action. Mosites' application is based upon Mosites' interest in and status as an additional insured under Plaintiff Motorists Mutual Insurance Company's Policy No. 33-301012-70E, effective December 16, 2016 to December 16, 2017 and renewed effective December 16, 2017 to December 16, 2018 (collectively, the "Policy").

### INTRODUCTION

This case involves an insurance coverage dispute between Motorists Mutual Insurance Company ("Motorists Insurance") and its named insured, Howard's Towing and Recovery, LLC and Howard Szuminsky (collectively "Howard's Towing"), with respect to the claims asserted against Howard's Towing ("Claims") in eight lawsuits filed in the Court of Common Pleas of Allegheny County, Pennsylvania: *Mahon v. Howard's, et al.*, GD-18-012021; *Horsley v. Howard's et al.*, GD-18-012027; *Waldron v. Howard's, et al.*, GD-18-012034; *Markle v. Howard's, et al.*, GD-18-012037; *Knight v. Howard's, et al.*, GD-18-012063; *Jones v. Howard's, et al.*, GD-18-012298; *Cohen v. Howard's, et al.*, GD-18-012332; and

1

*Kozlowski v. Howard's, et al.*, GD-19-017159 ("Lawsuits"). *See paragraph 10 of the Motorists Insurance Complaint for Declaratory Judgment (the "Motorists Insurance Complaint")*. According to Motorists Insurance, the Policy does not provide coverage for the Claims in the Lawsuits. *See paragraph 11 of the Motorists Insurance Complaint*.

Although Howard's Towing waived service of summons on November 20, 2020, no answer has been filed in response to the Motorists Insurance Complaint and no attorney has entered its appearance on behalf of Howard's Towing. Motorists Insurance may move at any time for a default against Howard's Towing for its failure to file an answer. In its pending action, Motorists Insurance is seeking a declaration that the Policy does not provide coverage for the Claims in the Lawsuits. *See paragraph 10 of the Motorists Complaint*. However, one of the Lawsuits is an underlying action entitled *Waldron v. Howard's, et al., GD-18-012034* ("*Waldron* litigation"). As discussed at further length herein, the *Waldron* litigation is one in which Mosites is a named defendant. Attached hereto and referred to as Exhibit A is a copy of the Amended Complaint filed in the *Waldron* litigation ("*Waldron* Amended Complaint").

As an additional insured under the Policy and a defendant in one of the "Lawsuits", Mosites is an interested party in this declaratory judgment action in which Motorists Insurance seeks certain declarations by this Court with respect to the coverages afforded under the Policy. Since Mosites is insured under the Policy, Mosites has a legally protectable interest under the Policy and in this litigation, which legally protected interest is not currently being represented by either Motorists Insurance or Howard's Towing. Mosites should therefore be permitted to intervene as of right in this matter as an intervenor-defendant, given the significant prejudice that may result to Mosites if it is not allowed to participate and protect its rights. Alternatively, Mosites has a claim to coverage, or stated differently, a defense to Motorists Insurance's claim that coverage is unavailable under the Policy and respectfully requests that this Honorable Court permit Mosites to intervene in this action.

**FACTS**

This is an insurance coverage dispute stemming from the *Waldron* litigation, a class action case concerning Howard's Towing's alleged involuntary towing practices in a large parking area located at the Eastside Shopping Center located on Centre Avenue in Pittsburgh, Pennsylvania. *See paragraph 21 of the Waldron Amended Complaint.* The plaintiffs in the underlying action claim that they parked their vehicles in the large parking area at the Eastside Shopping Center and Howard's Towing removed their vehicles from the parking area and transported them to Howard's Towing's yard located at 60 Irvine Street, Pittsburgh, Pennsylvania. *See generally paragraphs 51 – 70 of the Waldron Amended Complaint.*

Plaintiffs were allegedly injured when Howard's Towing charged them amounts in excess of the reasonable and permissible fees allowed by the City of Pittsburgh. *See paragraph 70 of the Waldron Amended Complaint.* Plaintiffs allege that they were damaged as a result of the negligence of a number of defendants, including Mosites. *See paragraphs 32, 34 and 49 of the Waldron Amended Complaint.* Plaintiffs allege that on the dates of the incidents, Mosites managed the Eastside Shopping Center on behalf of the property owners. Both Mosites and the Eastside Shopping Center property owners are defendants in the *Waldron* litigation.

Motorists Insurance issued the Policy to Howard's Towing, which was in effect on the dates of the *Waldron* incidents. Mosites was named on the declarations page for the Policy as an additional insured. *See Declarations Pages attached as Exhibit B.* Given Motorists Insurance's current position, a motion to intervene is necessary to protect Mosites' interests under the Policy in the pending action.

**ARGUMENT**

**I.     Mosites Is Entitled to Intervene As of Right Based on Its Legally Protectable Interest Under the Motorists Insurance Policy**

Federal Rule of Civil Procedure Rule 24(a) provides that upon timely application, anyone shall be permitted to intervene in an action:

> When the applicant claims an interest relating to the property or transaction which is the subject of the action and the application is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed R. Civ. P. 24(a)(2).

Intervention will be granted to an interested party upon a showing of the following four factors: (1) timely application; (2) sufficient interest in the underlying litigation; (3) a threat that the interest will be impaired or affected by the disposition of the underlying action; and (4) that the existing parties to the action do not adequately represent the prospective intervenor's interests. *Kleissler v. United States Forest Service*, 157 F.3d 964, 969 (3d Cir.1998). "Although a party seeking intervention must meet all four requirements, 'a very strong showing that one of the requirements is met may result in a lesser showing of another requirement.'" *Harris v. Pernsley*, 820 F.2d 592, 596 n. 6 (3d. Cir.1987).

As set forth below, Mosites's request for intervention is timely and satisfies the requirements of FRCP 24(a)(2) for intervention as of right, given Mosites's legally protectable interest in the Policy which may ultimately be impaired and/or affected by the disposition of this action. Furthermore, neither Motorists Insurance nor Howard's Towing can adequately represent Mosites' interests in this litigation. Indeed, Motorists Insurance is adverse to Mosites' potential coverage under the policy in the instant litigation and Howard's Towing is adverse to Mosites in the *Waldron* litigation and has taken no steps to protect its own interests, let alone Mosites', in the instant declaratory judgment action.

### A. Mosites Has a Legally Protectable Interest in the Motorists Insurance Policy, which may be Impaired and/or Affected by the Outcome of this Litigation

As an additional insured under the Policy, Mosites has a substantial legal interest under the Policy and thus in this litigation. The substantial legal interest of Mosites is undisputed, given that Mosites is an additional insured under the Policy.

Mosites has its own rights under the Policy, irrespective of any rights Howard's Towing may have under the same policy. The fact that additional insureds have their own independent rights under policies of insurance, regardless of the actions of a primary or named insured, has been recognized by courts in neighboring States.  See *In re Nassau Tower Realty, LLC*, 518 B.R. 842 (D. NJ. Bankr. Ct. 2014) *citing* Ann Peldo Cargile, The Basics of Insurance in Leases, 14 A.B.A. Sec. Probate & Property 19 (Nov./Dec. 2000) ("There are three key parties affected by an insurance policy: Named insured. . . Additional insured. . . Loss payee. . .). The Bankruptcy Court in *In re Nassau Tower Realty, LLC* even acknowledged that an additional insured possesses "individual contract rights" under an insurance policy. *Id.* at 849.  Given Mosites' "individual contract rights" under the Policy, Mosites has a legally protectable interest in the Policy at issue and should be permitted to intervene.

If Mosites is not permitted to intervene and protect its rights, Motorists Insurance will likely obtain its default against Howard's Towing and then try to rely on declarations from the Court as a basis to deny Mosites a defense in the underlying *Waldron* litigation.  Based on Mosites' "individual contract rights" under the Policy, which are allegedly subject to the outcome of this litigation, it is respectfully submitted that Mosites be entitled to intervene in this litigation.

### B. Mosites Promptly Filed Its Motion to Intervene Upon Learning that Motorist Insurance Filed a Declaratory Judgment Action and Before a Default was Filed Against Howard's Towing

Upon learning that Motorist Insurance had filed a Declaratory Judgment Action seeking a declaration that the Policy does not provide coverage for the Claims in the Lawsuits, including the *Waldron* litigation, Mosites retained legal counsel to protect its legal rights and interests as an additional insured under the Policy.

This action is still in its early stages.  Howard's Towing has not answered Motorists Insurance's Complaint for Declaratory Judgment yet and no discovery has been conducted.  Mosites' intervention will not disrupt or delay proceedings, given the fact that the discovery process has not even begun. Mosites'

intervention will also provide an opportunity for the Court to determine this matter on its merits, given that the only defendant in the case—Howard's Towing—has still not even appeared in this action to date. Since Mosites' motion to intervene was promptly and timely made before discovery was commenced and provides an opportunity for this matter to be litigated on its merits as favored by public policy, it is respectfully submitted that Mosites be permitted to intervene as of right in this action.

### C. Neither Motorists Insurance Nor Howard's Towing—Both of Which are Adverse to Mosites—Can Adequately Represent Mosites' Interests in this Action

As discussed in more detail in Section A above, Mosites has significant interests and contractual rights under the Policy that cannot be adequately protected by either Motorists Insurance or Howard's Towing, both of whom are adverse to Mosites. More importantly, Mosites' defense in the underlying *Waldron* litigation is subject to the outcome of this action which makes Motorists Insurance adverse to Mosites, given Motorists Insurance's desire to be relieved of its duty to defend and indemnify its insureds under the Policy. *See paragraph 86 of the Waldron Amended Complaint.* As the insurer trying to revoke its defense and indemnification obligations under the Policy, Motorists Insurance clearly has adverse interests with respect to Mosites.

Motorists Insurance's named insured, Howard's Towing, is also adverse to Mosites in the underlying *Waldron* matter. Howard's Towing also has not appeared in this litigation to date and may be facing a potential default. Given Howard's Towing's inability to defend itself in this litigation, it also cannot be expected to represent the interests of Mosites in this litigation, whether adequately or otherwise. Since none of the existing parties can properly represent Mosites' interests in this action, it is respectfully submitted that Mosites be permitted to intervene to protect its interests and contractual rights under the Policy.

## II. Alternatively, Mosites Should Be Permitted to Intervene Pursuant to Rule 24(b)

Even in the event that this Court determines that Mosites should not be permitted to intervene as of

right pursuant to FRCP 24(a)(2), Mosites should be allowed to intervene because it "has a claim or defense that shares with the main action a common question of law or fact." *See FRCP 24(b)*. Specifically, Mosites has claims to coverage under the Policy at issue as an additional insured as set forth in more detail above. This Court is being asked to issue specific dispositive declarations about the Policy with respect to the underlying *Waldron* litigation, in which Mosites is a defendant. Given Mosites' rights as an additional insured under the Policy with respect to the underlying *Waldron* litigation, it is respectfully requested that Mosites be permitted to intervene pursuant to FRCP 24(b), in the event that the Court determines that Mosites is not permitted to intervene as of right.

## **CONCLUSION**

As demonstrated above, Mosites' request for intervention is timely and satisfies the requirements of FRCP 24(a)(2) for intervention as of right given Mosites' legally protectable interest in the Policy and the same legally protectable interest that may be impaired and/or affected by the disposition of this action. Furthermore, neither Motorists Insurance nor Howard's Towing, can adequately represent Mosites' interests in this litigation since both are adverse to Mosites. As such, it is respectfully submitted that Mosites' motion to intervene be granted in its entirety.

Dated:       December 30, 2020                SHERRARD, GERMAN & KELLY, PC


By:    /s/ Nicholas L. Fiske, Esq.
       Nicholas L. Fiske, Esquire
       Pa. I.D. No. 309696
       Email: nlf@sgkpc.com
       James R. Hankle, Esquire
       Pa. I.D. No. 36019
       jrh@sgkpc.com

       Sherrard, German & Kelly, PC
       535 Smithfield Street, Suite 300
       Pittsburgh, PA 15222
       Telephone (412) 355-0200

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2020, a true and correct copy of the within **BRIEF IN SUPPORT OF MOTION TO INTERVENE** was served upon the following counsel of record via the Court's electronic filing system:

Matthew A. Meyers (PA I.D. 202838)
mameyers@burnswhite.com
Taylor M. Davis (PA I.D. 327312)
tmdavis@burnswhite.com
Burns White Center
48 26th Street
Pittsburgh, PA 15222
(412) 995-3281 – Direct
(412) 995-3000 – Fax
*Attorneys for Plaintiff,*
*Motorists Mutual Insurance Company*

Howard's Towing and Recovery, LLC
2731 Main Street
Pittsburgh, PA  15235

Howard J. Szuminsky
2731 Main Street
Pittsburgh, PA  15235

/s/ Nicholas L. Fiske, Esq.
Nicholas L. Fiske, Esquire